'Hand-Delivered

FILED
ASHEVILLE, NC

MAR 15 2023

U.S. DISTRICT COURT
W. DISTRICT OF N.C

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

DAVID M. THOMPSON,

  Plaintiff,

v.

U.S. JUSTICE DEPARTMENT,

  Defendant.

1:23-cv-69-MOC-WCM

COMPLAINT

NOW COMES Plaintiff and hereby asserts the following:

1. This is an action under the Freedom of Information Act ("FOIA").

2. Plaintiff is an individual who resides in Asheville, North Carolina.

3. Defendant is an agency of the federal government.

4. Jurisdiction is proper under 5 U.S.C. 552 & 28 U.S.C. 1331, 1362, & 2201.

5. Venue is proper under 28 U.S.C. 1392.

6. Under FOIA, "upon any request for records," an agency must act "promptly," i.e., the agency generally must determine "within 20 [business] days" whether to "comply" with the request, and thereafter, the agency generally must decide "within 20 [business] days" an administrative "appeal" of an adverse response to the request.  5 U.S.C. 552(a)(6)(A)(i) & (ii).

7. This is the fourth time Plaintiff has had to bring suit to obtain documents under FOIA. In May of 2009, Plaintiff began requesting documents from the Environment & Natural Resources Division ("ENRD"), a component of Defendant, and in November of that year, he brought a FOIA suit. In February of 2010, on the eve of summary judgment briefing, ENRD produced, according to Defendant, "97%" of the requested documents. In late 2015, Plaintiff requested documents from the Justice Management Division ("JMD"), a component of Defendant, and in January of 2016, he brought a second suit. Ten months after suit filing, JMD produced the requested documents. In April of 2019, Plaintiff brought a third FOIA suit. In July of that year, JMD produced requested documents, and in October of that year, the Office of Public Affairs ("OPA"), a component of Defendant, made production. In each of the above instances, document production came only after initiation of suit.

8. On November 7, 2019, Plaintiff submitted a FOIA administrative appeal of an ENRD response, which withheld four documents. More than three years later, Plaintiff has not received a response to that appeal.

9. On February 20, 2020, Plaintiff submitted a FOIA request for documents to OPA. This request was not forwarded by OPA to the Office of Information Policy

-2-

("OIP"). Therefore, on August 1 of that year, Plaintiff sent the request to OIP. More than two years later, Plaintiff has not received a response to that request.

10. On February 20, 2020, Plaintiff submitted a FOIA request for documents to ENRD. On April 8 of that year, a response was sent by ENRD, and on April 22 of that year, Plaintiff submitted an administrative appeal concerning withholdings and redactions. On June 27, 2022, more than two years later, OIP remanded to ENRD. On August 25 of that year, another response was sent by ENRD. On September 2 of that year, Plaintiff submitted another administrative appeal concerning withholdings and redactions. More than six months later [not 20 business days], Plaintiff has not received a response to that appeal.

11. On April 6, 2020, Plaintiff submitted a FOIA request for documents to ENRD. On May 29 of that year, a response was sent by ENRD. On June 1 of that year, Plaintiff submitted an administrative appeal, and on August 12 of that year, OIP affirmed as to a FOIA exemption not claimed by ENRD, and OIP relied on a misreading of case law. The administrative appeal determination was a withholding of documents.

12. On August 1, 2020, Plaintiff submitted a FOIA request for documents to ENRD. On September 28 of that year, a response was sent by ENRD. On

-3-

December 1 of that year, Plaintiff submitted an administrative appeal concerning withholdings and redactions. On August 4, 2021, almost a year later, OIP remanded to ENRD. On September 3 of that year, a second response was sent by ENRD. On November 1 of that year, Plaintiff submitted another administrative appeal concerning withholdings and redactions. On September 6, 2022, almost a year later, OIP again remanded to ENRD. On October 18 of that year, a third response was sent by ENRD. On October 28 of that year, Plaintiff submitted another administrative appeal concerning withholdings and redactions. More than four months later, Plaintiff has not received a response to that appeal.

13. On November 2, 2022, Plaintiff submitted a letter to OIP. In that letter, Plaintiff outlined the information in paragraphs 8.-12. above and requested a response to the penultimate sentence of paragraphs 8.-12. above. More than four months later, Plaintiff has not received a response, and the lack of response is a withholding or redaction of documents.

14. The lack of response to the penultimate sentences of paragraphs 8.-10. and 12.-13. above constitutes a "pattern" of recalcitrance and a "pattern" of violations of FOIA's timeliness requirements.

15. According to Defendant's own data, Defendant has an established history

-4-

of non-compliance with FOIA's timeliness requirement. For example, from Defendant's own internet records, the following was Defendant's timely-response compliance rate as to all requesters for the five most recent fiscal years: for FY '22, 36% (i.e., timely business day simple responses plus timely business day complex responses vs. timely and untimely business day simple and complex responses); for FY '21, 38%; for FY '20, 37%; for FY '19, 33%; and for FY '18, 41%. Moreover, the business day average for simple responses has exceeded the time limit in each of those years and has increased consistently from one year to the next; the business day average for complex responses has exceeded the time limit by more than a factor of eight and has increased consistently from one year to the next, culminating in an average of 277 business days [not 20 business days] for FY '22. The above numbers constitute a "practice" of recalcitrance and a "practice" of violations of FOIA's timeliness requirement.

16. Plaintiff recently has submitted new FOIA requests and is apprehensive concerning the likelihood of future recurrent delay.

## COUNT I

17. Paragraphs 1.-16. above hereby are adopted by reference.

-5-

18. The withholdings and redactions noted in paragraphs 8.-12. above were improper.

## COUNT II

19. Paragraphs 1.-18. above hereby are adopted by reference.

20. Defendant's recalcitrance noted in paragraphs 8.-10. and 12.-15. above was a "pattern" and/or "practice" in violation of FOIA, 5 U.S.C. 552(a)(6)(A)(i) & (ii).

## REQUESTED RELIEF

Plaintiff prays that this Court:

A. enjoin Defendant from the withholding or redaction of any and all records requested by Plaintiff through FOIA as noted herein, particularly the withholding of those records noted in paragraphs 8., 9., and 11., and order Defendant to produce to Plaintiff any and all of such records, free from denial, deletion, withholding, or redaction;

B. declare that Defendant has violated the FOIA timeliness requirements under 5 U.S.C. 552(a)(6)(A)(i) & (ii);

-6-

C. as to Plaintiff, enjoin and order Defendant to respond and comply in the future with the FOIA timeliness requirements under 5 U.S.C. 552(a)(6)(A)(i) & (ii); and

D. grant to Plaintiff such other and further relief as equity and justice require.

Dated: March 15, 2023

David M. Thompson

dmjm1@hotmail.com

(828) 424-7043

400 Palisades Circle, Apt. 108

Asheville, NC 28803