UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-69-MOC-WCM

| | |
|---|---|
| **DAVID M. THOMPSON, pro se,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| **U.S. JUSTICE DEPARTMENT**, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Defendant's Partial Motion to Dismiss. (Doc. No. 10). Pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6), Defendant moves to dismiss Count II of Plaintiff's Complaint, which alleges Defendant has adopted a pattern or practice in violation of FOIA. Plaintiff has responded in opposition to Defendant's motion, and Defendant has replied. (Doc. Nos. 13, 17). For the following reasons, Defendant's motion will be **DENIED**.

**I.      BACKGROUND**

This case is Plaintiff's fourth time suing Defendant, the U.S. Department of Justice, alleging failure to provide documents in connection with a series of requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Doc. No. 1 at ¶¶ 1, 3, 7). Plaintiff is a former employee of Defendant. That employment ended acrimoniously, precipitating Plaintiff's numerous FOIA suits.

Plaintiff filed his first FOIA suit in 2009. In May 2009, Plaintiff began requesting documents from the Environment & Natural Resources Division ("ENRD"), a component of Defendant. (Id. at ¶ 7). The FOIA request sought information covering a broad range of subject matter, including a 2008 investigation of Plaintiff's workplace conduct by ENRD. In November

1

of 2009, Plaintiff brought a FOIA suit. (Id.). The first FOIA suit was dismissed after resolution by settlement. (Id.).

Plaintiff's second FOIA suit was part of litigation relating to the end of Plaintiff's employment with Defendant. Plaintiff sued Defendant, alleging violation of the Age Discrimination in Employment Act ("ADEA"), due process, Title VII of the Civil Rights Act of 1964 ("Title VII"), and a FOIA statute claim, alleging "procedures [that] were recalcitrant and in bad faith."

The federal district court for the District of D.C. ruled on summary judgment in favor of Defendant as to Plaintiff's claims alleging violation of the ADEA, due process, and Title VII. Thompson v. Sessions, 278 F. Supp. 3d 227, 252 (D.D.C. 2017). The Court later ruled in Defendant's favor with respect to Plaintiff's FOIA claim alleging "procedures [that] were recalcitrant and in bad faith." Thompson v. Sessions, No. CV 16-3 (RDM), 2018 WL 4680201, at **1–2 (D.D.C. Sept. 27, 2018) (dismissing Plaintiff's "policy or practice claim for lack of Article III jurisdiction"), aff'd sub nom. Thompson v. Barr, No. 18-5332, 2019 WL 3949741 (D.C. Cir. July 29, 2019).

Plaintiff's third FOIA suit was brought in the Eastern District of Virginia and was dismissed after summary judgment in favor of Defendant. David M. Thompson v. U.S. Justice Dep't, Docket No. 4:19-cv-00033-AWA-LRL (E.D. Va. Mar. 29, 2021) (Dismissal Order). The Fourth Circuit Court of Appeals affirmed the district court's dismissal in an unpublished, per curiam opinion. David M. Thompson v. U.S. Justice Dep't, Docket No. 21-1625 (4th Cir. Jun 2, 2022).

Plaintiff recently submitted a new FOIA request and has now filed a fourth FOIA suit. Count I of Plaintiff's complaint alleges improper redactions and withholdings in Defendant's

2

response to Plaintiff's most recent FOIA request. (Doc. No. 1 at ¶ 18). Count II of Plaintiff's complaint alleges that Defendant's "recalcitrance" in responding to Plaintiff's FOIA request constituted a "'pattern' and/or 'practice' in violation of FOIA." (Doc. No. 1 at ¶ 20). In response, Defendant has moved to dismiss Count II of Plaintiff's complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 10). Since this litigation has begun, Plaintiff has made additional FOIA requests.

## II. STANDARD OF REVIEW

Defendants move to dismiss under Rules 12(b)(1) and 12(b)(6). A Rule 12(b)(1) motion addresses whether the plaintiff "has a right to be in the district at all and whether the court has the power to hear and dispose of [plaintiff's] claim," and a Rule 12(b)(6) motion addresses whether the plaintiff "has stated a cognizable claim" and challenges the "sufficiency of the complaint." Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452 (4th Cir. 2012).

On a Rule 12(b)(1) motion to dismiss for lack of standing, "a court must construe the complaint in the plaintiff's favor, accepting as true the factual allegations in the complaint." Students for Fair Admissions, Inc. v. U. of N. Carolina, 1:14CV954, 2018 WL 4688388, at *2 (M.D.N.C. Sept. 29, 2018). A district court should only grant a Rule 12(b)(1) motion to dismiss "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Richmond, Fredericksburg, & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The issue of statutory standing "is a separate inquiry from Article III standing," and presents a challenge to the sufficiency of the pleadings. U.S. v. Chandler, 118-cr-79, 2019 WL 1427556, at *2 (W.D.N.C. Mar. 29, 2019). In this respect, a motion to dismiss that challenges a party's statutory standing "is 'effectively the same as a dismissal for failure to state a claim'" under Rule 12(b)(6). U.S. v. Oregon, 671 F.3d 484, 490 n.6 (4th Cir. 2012) (quoting

3

CGM, LLC v. BellSouth Telecomm., Inc., 664 F.3d 46, 52 (4th Cir. 2011)).

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted).

### III. DISCUSSION

The FOIA serves the important aim of promoting the timely release of requested government records. Plaintiff alleges that Defendant has repeatedly stymied his ability to receive requested government records in a timely manner, amounting to a persistent failure to adhere to FOIA's requirements. Plaintiff has alleged sufficient facts to plausibly support this contention, and this Court will deny Defendant's motion to partially dismiss Plaintiff's complaint. Specifically, the Court will not dismiss Complaint II to the extent it alleges a policy-or-practice claim, because Plaintiff has plausibly alleged facts showing that Defendants have followed a policy or practice of violating FOIA.

In the motion to partially dismiss, Defendant first argues that Plaintiff's policy-or-

4

Case 1:23-cv-00069-MOC-WCM    Document 24    Filed 08/24/23    Page 4 of 8

practice claim is moot. All of Plaintiff's FOIA requests predating this litigation have received a response of some kind (either a denial, release, withholding, or some combination of the three). FOIA lawsuits generally become moot once an agency has made available the requested non-exempt records, whether voluntarily or after court order. See Ingraham v. U.S. Postal Serv., 816 F.2d 672 (table) (4th Cir. 1987) (holding that plaintiff's FOIA timeliness claim was moot because plaintiff was given access to the documents that Plaintiff had requested); Worsham v. U.S. Dep't of the Treasury, No. CIV.A. ELH-12-2635, 2013 WL 5274358 (D. Md. Sept. 17, 2013) (stating that once an agency has responded, "the timing of the [agency's] response is of no moment"); Perry v. Block, 684 F.2d 121, 125 (D.C. Cir. 1982) ("[O]nce all requested records are surrendered, federal courts have no further statutory function to perform.").

However, many courts have recognized an exception to mootness where an agency has a policy or practice that "will impair the party's lawful access to information in the future." See, e.g., Jud. Watch, Inc. v. United States Dep't of Homeland Sec., 895 F.3d 770, 777 (D.C. Cir. 2018); Payne Enters., Inc. v. United States, 837 F.2d 486, 491 (D.C. Cir. 1988) (citing Better Gov't Ass'n v. Dep't of State, 780 F.2d 86, 90–92 (D.C. Cir. 1986)). In other words, a policy-or-practice claim is not necessarily mooted by an agency's production of documents. Payne, 837 F.2d at 491 (holding that a policy-or-practice claim is viable "[s]o long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials"). While the Fourth Circuit has not decided whether an independent policy-or-practice claim exists under FOIA, FOIA authorizes a court not only to "order the production of any agency records improperly withheld," but also to "enjoin the agency from withholding agency records." 5 U.S.C. § 552(a)(4)(B). Indeed, "excessive delay by the agency in its response is often tantamount to

5

denial." Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605, 617 (D.C. Cir. 1976). This has led courts to "recognize[] that there 'may very well be circumstances in which prolonged delay in making information available or unacceptably onerous opportunities for viewing disclosed information require judicial intervention.'" Payne, 837 F.2d at 491 (D.C. Cir. 1988) (citing Lybarger v. Cardwell, 577 F.2d 764, 767 (1st Cir. 1978)). Therefore, this Court will address Plaintiff's policy-or-practice claim.

Where a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief, regardless of whether his specific FOIA requests have been mooted, the plaintiff must show injury in fact by demonstrating "the three following prongs: (1) the agency's FOIA violation was not merely an isolated incident, (2) the plaintiff was personally harmed by the alleged policy, and (3) the plaintiff himself has a sufficient likelihood of future harm by the policy or practice." Hajro v. U.S. Citizenship & Immigr. Servs., 811 F.3d 1086, 1103 (9th Cir. 2016); See also Lujan v. Defs. of Wildlife, 504 U.S. 555, 563 (1992). Moreover, to state a claim for relief under the policy-or-practice doctrine "a plaintiff must allege, *inter alia*, facts establishing that the agency has adopted, endorsed, or implemented some policy or practice that constitutes an ongoing failure to abide by the terms of the FOIA." Cause of Action Inst. v. Eggleston, 224 F. Supp. 3d 63, 71 (D.D.C. 2016) (internal quotations omitted). Therefore, whether framed as a question of mootness or standing, Plaintiff must meet these criteria to surmount a motion to dismiss.

Defendant argues that Complaint II must be dismissed because Plaintiff has not alleged a particular policy or practice that constitutes an ongoing failure to abide by the terms of FOIA. Plaintiff disagrees, contending that Defendant has engaged in a pattern or practice of untimeliness under FOIA. In support of this contention, and in addition to describing his own

FOIA delayed requests, Plaintiff provides a summary of Defendant's timely-response compliance rate as to all requesters for fiscal years 2018-2022 (for 2018 the rate is 41%; for 2019 the rate is 33%; for 2020 the rate is 37%; for 2021 the rate is 38%; for 2022 the rate is 36%). (Doc. No. 13 at 7). These statistics suggest that Defendant has not always adhered to FOIA timelines.

Defendant contends that "delay alone, even repeated delay, is not the type of illegal policy or practice that is actionable under Payne Enterprises." Cause of Action Inst. v. Eggleston, 224 F. Supp. 3d 63, 72 (D.D.C. 2016) (citing Jud. Watch, Inc. v. United States Dep't of Homeland Sec., 211 F. Supp. 3d 143, 147 (D.D.C. 2016), rev'd and remanded, 895 F.3d 770 (D.C. Cir. 2018). However, this notion was rejected in Jud. Watch, Inc. v. U.S. Dep't of Homeland Sec. 895 F.3d 770, 780 (D.C. Cir. 2018). There, the U.S. Court of Appeals for the District of Columbia ruled that repeated delay can constitute a policy-or-practice claim if a plaintiff alleges "a pattern of prolonged delay amounting to a persistent failure to adhere to FOIA's requirements and that the pattern of delay will interfere with its right under FOIA to promptly obtain non-exempt records from the agency in the future." Id. Indeed, Congress did not intend for agencies to use the FOIA process to hinder the prompt release of non-exempt document, and the "unreasonable delay in disclosing non-exempt documents" is an "abuse of [FOIA's] scheme." Payne, 837 F.2d at 494.

The history of Defendant's conduct in response to Plaintiff's FOIA requests, as alleged in the complaint, suggests that Plaintiff has been forced to file lawsuits to obtain requested non-exempt records–all relating to the same subject matter. This alleged pattern of delay in receiving records is sufficient to state a plausible claim that the agency's practice is to utilize delay to flaunt FOIA's procedural requirements. Additionally, filing a lawsuit to obtain requested records does little to prevent future prolonged delays, because the agency can moot the litigation and

escape judicial review of its compliance with FOIA. Of course, Defendant may have legitimate reasons for its delayed responses to FOIA requests, but that matter can be addressed at a later stage of litigation.

Defendant further argues that Plaintiff has not specifically alleged that he will be harmed by Defendant's purported policy or practice in the future. However, Plaintiff has submitted additional FOIA requests to Defendant, and thereby may face future delays. Given Defendant's alleged track record with Plaintiff's FOIA requests, Plaintiff has alleged a sufficient likelihood of future harm by Defendant's delays.

## IV. CONCLUSION

In sum, the FOIA serves the important aim of promoting the timely release of requested government records. Ordinarily, when an agency completes its review of a request and releases responsive records during the pendency of a FOIA action, the case becomes moot. The case is not moot, however, if the agency has a general, ongoing policy or practice of violating FOIA. At this stage in the litigation, Plaintiff has sufficiently alleged an ongoing policy or practice of delay that has personally harmed him in the past and presents a sufficient likelihood to harm him in the future. Therefore, Defendant's motion to dismiss Plaintiff's policy or practice claim will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Partial Motion to Dismiss, Doc. No. 10, is **DENIED**.

Signed: August 24, 2023



Max O. Cogburn Jr
United States District Judge